IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CYNTHIA PFEIFER,

    *Plaintiff,*

vs.

FEDERAL EXPRESS CORPORATION,

    *Defendant.*

Case No. 09-1248-EFM

**MEMORANDUM AND ORDER**

On August 13, 2009, Plaintiff Cynthia Pfeifer filed this action against Defendant Federal Express Corporation ("FedEx"), alleging that FedEx had retaliated against her for receiving workers' compensation benefits by terminating her. Prior to her employment, Pfeifer signed an employment agreement, which included a provision that required all claims against FedEx to be brought within six months of the date the cause of action arose. Pfeifer brought this action approximately fifteen months after her termination.

Before the court is FedEx's Motion for Summary Judgment (Doc. 22) and Pfeifer's Motion for Partial Summary Judgment (Doc. 24). The issue in both motions is whether the contractual provision limiting the time in which Pfeifer could bring an action against FedEx to six months is enforceable. For the reasons stated below, the Court finds that the provision is enforceable, and, thus grants FedEx's motion.

## I. Background

The facts relevant to the disposition of these motions are undisputed. On November 18, 1993, Pfeifer applied for a position with FedEx by completing and signing an employment application, which had an attached employment agreement. One of the provisions of the employment agreement provided that "to the extent law allows an employee to bring legal action against Federal Express, I agree to bring that complaint within the time prescribed by law or 6 months from the date of the event forming the basis of my lawsuit, whichever expires first."[1] The limitation was the last provision of the agreement and was located directly above a statement indicating that the applicant had "read this entire agreement, which consists of 2 pages, and I thoroughly understand its content."[2]

FedEx sent Pfeifer a letter officially offering her a position with FedEx on January 13, 1994. The letter stated that it incorporated the employment agreement previously executed by Pfeifer and provided her until January 17, 1994, to accept the position and the terms of the agreement. Pfeifer accepted the position on January 17, 1994, and returned a signed copy of the letter to FedEx on that date. Pfeifer does not contend that she was unaware or misunderstood the agreement or the provision limiting the time in which she could bring an action against FedEx.

FedEx terminated Pfeifer on May 2, 2008. Approximately fifteen months later, on August 13, 2009, Pfeifer filed this action, claiming that FedEx retaliated against her for receiving workers' compensation benefits by terminating her.

---

[1] Doc. 22, ¶ 6.

[2] Doc. 14, ¶ 7.

**I. Standards**

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[3] "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[4] A fact is "material" when "it is essential to the proper disposition of the claim."[5] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[6]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[7] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[8]

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[9] The opposing party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[10] "To accomplish this, the

---

[3] Fed. R. Civ. P. 56(c).

[4] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[5] *Id.*

[6] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[7] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[8] *Id.* (citing *Celotex*, 477 U.S. at 325.)

[9] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[10] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[11] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[12] The nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."[13]

Finally, summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[14]

## II. Analysis

FedEx argues that it is entitled to summary judgement as a matter of law because Pfeifer failed to bring this action within the time limitations set forth in the employment agreement between the parties. The agreement provides that Pfeifer agrees to commence an action against FedEx "within the time prescribed by law or 6 months from the date of the event forming the basis of my lawsuit, whichever expires first." Pfeifer does not claim that she did not agree to the restriction, but rather contends the provision is unenforceable because it contradicts a strong public policy in favor of protecting claims of workers' compensation retaliation. Pfeifer further argues that even if limitations on the time available to bring claims are generally enforceable, the specific requirement that she bring her claim within six months should not be enforced because it is unreasonable.[15]

---

[11]*Adler*, 144 F.3d at 671.

[12]*White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

[13]*Bones v. Honeywell Intern, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[14]*Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[15]Based on her statement of uncontroverted facts, it appears that Pfeifer believes that the employee agreement was an unenforceable contract of adhesion. Pfeifer did not advance this argument in her briefing, however. Even if she had, though, the Court would have rejected it because such arguments have no merit in the employment context. *See, e.g., Felling v. Hobby Lobby, Inc.*, 2005 WL 928641, at *4 (D. Kan. Apr. 19, 2005).

Absent the parties' agreement, Pfeifer would have had to bring her action within two years of termination.[16]

**A. Whether the Contractual Limitations Provision Violates Public Policy**

It is a central tenant of American contract law that parties are free to bind themselves to any contract term, so long as the term is neither illegal nor contradicts public policy.[17] As the Kansas Supreme Court stated in *Idbeis v. Wichita Surgical Specialists, P.A.*[18]:

> It is the duty of courts to sustain the legality of contracts in whole or in part when fairly entered into, if reasonably possible to do so, rather than to seek loopholes and technical legal grounds for defeating their intended purpose. Although restrictive provisions in contracts of employment must be reasonable and not such as to contravene the public welfare, the paramount public policy is that freedom to contract is not to be interfered with lightly.[19]

Under this doctrine, early Kansas courts routinely held that parties had the right to contractually limit the time available to bring a new action.[20] However, in 1897, the Kansas legislature passed legislation making such clauses unenforceable, resulting in widespread rejection of such provisions for several years.[21] This statute was repealed a number of years later, though. Since the repeal, no Kansas court has addressed the enforcability of contractual provisions shortening the relevant statute of limitations.[22] Despite the lack of state court cases on the issue, this Court has addressed the

---

[16]*See* K.S.A. § 60-513(a)(4).

[17]*Metro. Life Ins. Co. v. Strnad*, 255 Kan. 657, 670-71, 876 P.2d 1362, 1371 (1994)

[18]279 Kan. 755, 112 P.3d 81 (2005).

[19]*Id.* at 770, 112 P.3d at 91 (internal citations omitted).

[20]*See, e.g., McElroy v. The Cont'l Ins. Co. of N.Y.*, 48 Kan. 200, 29 P. 478 (1892).

[21]*See, e.g., The Kan. Free Fair Assoc. v. The Ga. Cas. Co.*, 107 Kan. 109, 190 P. 592 (1920).

[22]*See Coates v. Metro. Life Ins. Co.*, 515 F. Supp. 647, 650 (D. Kan. 1981).

question on several occasions. In *Coates v. Metropolitan*[23], this Court first addressed the issue, concluding that a contractual provision limiting the time that contract-based claims could be brought was valid under Kansas Law.[24] The Court premised its conclusion on the holdings in cases decided before the anti-limiting provisions legislation was enacted and the general rule that such provisions are enforceable absent legislation or public policy dictating otherwise.[25] Since *Coates*, this Court has had at least three more occasions to address the issue, each time finding that the challenged provision was valid.[26]

In her briefing, Plaintiff argues that the Court should disregard the *Coates*' line of cases because recent Kansas Supreme Court decisions relating to employer retaliation claims indicate that contractual provisions that attempt to shorten the time a party can assert such claims violate public policy, and, as a consequence, are unenforceable.[27] The Court disagrees. In Plaintiff's cases, the Kansas Supreme was merely deciding whether the type of retaliation claims that the respective plaintiffs were asserting were recognized under Kansas law,[28] which the Court said they were, and

---

[23] 515 F. Supp. 647.

[24] *Id.* at 650.

[25] *Id.*

[26] *See Sibley v. Sprint Nextel Corp.*, 2008 WL 2949564, at *6 n.7 (D. Kan. July 30, 2008); *Hahner, Foreman & Harness v. AMCA Int'l Corp.*, 1995 WL 643814, at *2 (D. Kan. Oct. 27, 1995); *Columbian Fin. Corp. v. Businessmen's Assurance Co. of Am.*, 743 F. Supp. 772, 775 (D. Kan. 1990), *rev. on other grounds*, 1992 WL 19867 (10th Cir. Feb. 2, 1992).

[27] *See Hunter v. Am. Rentals, Inc.*, 189 Kan. 615, 371 P.2d 131 (1962) (stating that contractual provisions that violate public policy are unenforceable). .

[28] *Hysten v. Burlington N. Santa Fe Ry. Co.*, 277 Kan. 551, 108 P.3d 437 (2004) (retaliation claim brought by an at-will employee that arose from the plaintiff's employer's response to the plaintiff's exercise of his rights under the Federal Employers Liability Act); *Flenker v. Willamette Indus., Inc.*, 266 Kan. 198, 967 P.2d 295 (1998) (retaliation claim brought by an at-will employee that arose from the plaintiff's employer's response to the plaintiff's threat to file a claim with the Occupational Safety & Health Administration); *Coleman v. Safeway Stores, Inc.*, 242 Kan. 804, 752 P.2d 645 (1988) (retaliation claim brought by an employee covered by a collective bargaining agreeement that was terminated after filing a worker's compensation claim), *overruled on other grounds by Gonzalez-Centeno v. N. Cent.*

whether the applicable statutory or contractual provisions could require the employees to assert their retaliation claims in a forum other than a court,[29] which the Court said they could not. In none of the cases, did the Court offer an opinion on whether parties to an employment contract could set limits on the time in which an employee could assert claims against the employer following termination. Thus, while these cases demonstrate that Kansas courts favor a policy of allowing employees to assert claims against their employers for retaliating against them for exercising statutory rights and to do so in a judicial forum, they do nothing in the way of establishing a public policy against setting limits on when such claims must be brought. As a consequence, Plaintiff's cases do not provide a basis for concluding that the challenged provision violates Kansas public policy.

Court decisions from other jurisdictions and legislation enacted by both the Kansas legislature and Congress provide illumination on the issue presented here. First, a number of jursidictions have upheld the application of contractual limitation provisions to employmentdiscrimination claims,[30] claims which no doubt further public policy interests that are on par with those furthered by retaliation claims. Second, legislatures have placed similar

---

*Kan. Reg'l Juvenile Det. Facility*, 278 Kan. 427, 101 P.3d 1170 (2004).

[29]*Hysten*, 277 Kan. 551, 108 P.3d 437 (arbitration); *Coleman*, 242 Kan. 804, 752 P.2d 645 (same).

[30]*See, e.g., Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352 (6th Cir. 2004) (section 1981 claim); *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038 (9th Cir. 2001) (state law wrongful termination claim); *Myers v. W.-S. Life Ins. Co.*, 849 F.2d 259 (6th Cir. 1988) (state law discrimination claims based on age and disability); *Tompkins v. Fed. Express Corp.*, 2010 WL 1780232 (W.D. Tenn. Apr. 30, 2010) (state law age discrimination claim); *Badgett v. Fed. Express Corp.*, 378 F. Supp. 2d 613 (M.D.N.C. 2005) (emotional distress, section 1981, and Family Medical Leave Act claims); *Johnson v. DaimlerChrysler Corp.*, 2003 WL 1089394 (D. Del. Mar. 6, 2003) (Title VII claim); *Wright v. DaimlerChrysler Corp.*, 220 F. Supp. 2d 832 (E.D. Mich. 2002) (state law sexual harassment claims).

limitations on the time that an employee can file employment discrimination claims,[31] reflecting a strong preference for quick resolution of claims that an employer acted wrongly.[32] In light of this authority, and based on this Court's earlier treatment of contractual limitation provisions, the Court concludes that the provision in question is not violative of Kansas public policy, and, thus, rejects Plaintiff's first argument.

**B. Reasonableness of The Six Month Limitation**

Pfeifer next claims the six month limitation provided in the contract was too short, and, therefore, unreasonable. The determination of reasonableness is a matter of law for the Court to decide.[33] Kansas courts have not previously addressed the question of when a contractual limitation provision is unreasonable. However, other courts have and have held that a limitation is reasonable so long as it provides the plaintiff a fair opportunity to investigate and file the case, the time is not so short it is a practical abrogation of the right of action, and the action is not barred prior to the loss becoming ascertainable.[34] The Court is persuaded that if faced with this issue, the Kansas Supreme Court would adopt the afore stated test. Therefore, the Court will apply it when determining the reasonableness of the challenged provision.

---

[31]*See, e.g.*, 42 U.S.C. § 2000e-5(e)(1) (providing that a charge of discrimination must be brought before the Equal Employment Opportunity Commission within 180 days of the discriminatory act); K.S.A. § 44-1005 (requiring the plaintiff to file a charge of discrimination within six months of the act of discrimination). While it is true that the statutes just cited relate to when an administrative complaint must be filed with the relevant commission, as opposed to when a civil lawsuit must be commenced, this fact does not make these statutes irrelevant to the matter at hand. *See, e.g., Timko v. Oakwood Custom Coating, Inc.*, 625 N.W.2d 101, 105 (Mich. Ct. App. 2001) (citing similar statutory provisions to support its conclusion that the contractual limitation provision at issue, which barred the plaintiff's tort claim, was valid).

[32]*See Mohasco Corp. v. Silver*, 447 U.S. 807, 825 (1980).

[33]*See, e.g., Leigh Ellis & Co. v. Davis*, 260 U.S. 682, 689 (1923).

[34]*See, e.g., Thurman*, 397 F.3d at 358; B.H. Glenn, Annotation, *Validity of Contractual Time Period, Shorter Than Statute of Limitations, for Bringing Action*, 6 A.L.R.3d 1197 § 11 (1966).

Here, Pfeifer was required to file her action for retaliatory discharge within six months of FedEx's decision to terminate her. All of the information Pfeifer would have needed to file her action was available at the time of her discharge. There is no indication in the record that Pfeifer received any information after her termination that would have affected her decision to bring this action. Moreover, Pfeifer has not provided any explanation for why the six month limitation is unreasonable or why she was unable to bring her claim within that period. Therefore, in light of this fact, and the fact that the time for Pfeifer producing such evidence has passed,[35] the Court finds that the six-month limitation for bringing an action contained in the employment agreement to be reasonable.[36] Therefore, the Court rejects Pfeifer's second argument.

In sum, because it is uncontroverted that Pfeifer signed an employment agreement containing an enforceable contractual limitation provision, i.e., one that is not illegal, does not contravene public policy, and is not unreasaonable, and because Pfeifer failed to bring her action within the time specified in that provision, summary judgment should be granted to FedEx on Pfeifer's claim. Accordingly, the Court grants FedEx's summary judgment motion and denies Pfeifer's.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgement (Doc. 22) is hereby GRANTED.

---

[35] D. Kan. R. 7.4(b).

[36] *See, e.g., Myers*, 849 F.2d 259 (finding a six month contractual limitation provision valid in similar circumstances).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Doc. 24) is hereby DENIED.

**IT IS SO ORDERED**.

Dated this 2nd day of February, 2011.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE