# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CYNTHIA PFEIFER,

*Plaintiff,*

vs.                                                          Case No. 09-1248-EFM

FEDERAL EXPRESS CORPORATION,

*Defendant.*

## MEMORANDUM AND ORDER

On August 13, 2009, Plaintiff Cynthia Pfeifer filed this action against Defendant Federal Express Corporation ("FedEx"), alleging that FedEx retaliated against her for receiving workers' compensation benefits by terminating her. Prior to her employment, Pfeifer signed an employment agreement, which included a provision that required all claims against FedEx to be brought within six months of the date of the events leading to the litigation. Pfeifer brought this action approximately fifteen months after her termination. Both parties filed summary judgment motions seeking a determination of whether the contractual limiting provision was enforceable under Kansas law, and thus, a bar to this action. After reviewing the parties' briefing and attachments, the Court concluded that the provision was enforceable, and granted Defendant's motion. Now before the Court is Plaintiff's motion to certify a question of law to the Kansas Supreme Court (Doc. 39) and

Plaintiff's unopposed motion for extension of time to file a notice of appeal (Doc. 41). For the reasons stated herein, the Court denies both motions.

The decision of whether to certify a question of law to a state court is within the discretion of a federal district court.[1] "Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law."[2] When deciding whether to grant a motion to certify, "[a] court must consider whether certification will conserve the time, energy, and resources of the parties as well as the court itself."[3]

Here, the Plaintiff has waited to request certification until after an adverse decision was made. This delay has caused both the litigants and the Court to expend time, energy, and resources in an effort to resolve Plaintiff's action. A certification to the Kansas Supreme Court at this late stage in the litigation would not further the goals of certification, as such a certification would result in delay, increased costs, and needless consumption of additional judicial resources.[4] Therefore, in light of these facts, the Court denies Plaintiff's motion to certify.[5]

The Court also denies Plaintiff's motion for extension of time to file her notice of appeal. Plaintiff's motion is premised upon the assumption that her motion to certify would not be decided until a number of days after it was filed. Because the Court has denied Plaintiff's motion to certify one day after it was filed, the Court sees no reason to grant Plaintiff additional time to a notice of

---

[1] *Oliveros v. Mitchell*, 449 F.3d 1091, 1093 (10th Cir. 2006).

[2] *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988).

[3] *Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 178 F.3d 1363, 1365 (10th Cir. 1999).

[4] *See United States v. Jones*, 512 F. Supp. 2d 1193, 1195 (D. Kan. 2007).

[5] *See, e.g., Pueblo Country Club v. Axa Corporate Solutions Ins. Co.*, 2007 WL 1576348, at *3 (D. Colo. May 31, 2007).

appeal.  Therefore, her motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to certify a question of law to the Kansas Supreme Court (Doc. 39) is hereby DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time to file a notice of appeal (Doc. 41) is hereby DENIED.

**IT IS SO ORDERED**.

Dated this 10th day of February, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE