# IN THE UNITED STATED DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CYNTHIA PFEIFER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-1248-EFM** |
| | ) | |
| **FEDERAL EXPRESS CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to compel discovery responses (**Doc. 92**). For the reasons set forth below, defendant's motion shall be DENIED.

## Background

Defendant employed plaintiff as a courier for over 14 years until her termination in May 2008. Highly summarized, plaintiff claims she was terminated in retaliation for filing a workers' compensation claim after suffering a work-related injury in September 2007. Defendant denies plaintiff's claim and contends it terminated her for falsifying time records. Plaintiff seeks back pay, front pay, compensatory damages, punitive damages, damages for emotional distress and other equitable relief.

**Defendant's Motion to Compel (Doc. 92)**

Defendant served plaintiff with its Second Set of Interrogatories, First Requests for Production, and Third Requests for Admission. Plaintiff provided responses and supplemental responses, and the parties conferred as required by D. Kan. Rule 37.2. As explained in greater detail below, defendant requests that the court order production of additional documents and sanctions. The disputed requests are addressed in the order in which the parties have categorized the issues.

**Interrogatory Nos. 5 and 20, Request for Production No. 19, and Request for Admission No. 30**.

Defendant asks plaintiff to state whether she has ever been convicted of or pled guilty to a felony (Interrogatory No. 5), to identify all other lawsuits to which she has been a party (Interrogatory No. 20), to produce all documents that relate to any felony conviction (Request for Production No. 19), and to admit that she pled guilty to charges of selling and conspiracy to sell cocaine (Request for Admission No. 30). Plaintiff initially objected to all requests on the basis of relevance, and to all requests, except Request No. 30, because the requests were vague and unduly burdensome because they are not limited to a specific time period.

Defendant asserts that the information regarding prior lawsuits and criminal convictions could bear on plaintiff's credibility, particularly any crimes of dishonesty, and such information is relevant to plaintiff's mitigation of damages. This court has "routinely allowed discovery of a party's criminal past" in employment discrimination

cases, which could extend to this wrongful termination action.[1]   However, this court "routinely finds a request unduly burdensome on its face if it uses the omnibus term 'relating to' or 'regarding' with respect to a general category or groups of documents,"[2] which could also apply here.

However, the court need not reach either issue.  Plaintiff explains that she served supplemental discovery responses after defendant filed its motion to compel.  Those responses include answers to the disputed requests.  Because defendant elected not to file a reply, plaintiff's responses are therefore undisputed.  The court is satisfied with plaintiff's responses and defendant's motion is DENIED as to Interrogatory Nos. 5 and 20, Request for Production No. 19, and Request for Admission No. 30.

**Interrogatory No. 9 and Request for Production No. 22**

Defendant asks plaintiff to identify other FedEx employees who may have falsified documents or violated FedEx policies and who were not disciplined as harshly as plaintiff (Interrogatory No. 9), and to produce all documentary evidence of those policy violations (Request for Production No. 22).   Plaintiff initially responded by referring to the documents produced during the post-termination (GFTP) process.[3]

Defendant argues that the answer is non-responsive because plaintiff failed to identify specific employees and her document reference did not identify or "produce,

---

[1] *See Abraham v. B.G. Boltons' Grille & Bar*, 2007 WL 1146585, at *5 (D. Kan. Apr. 17, 2007) (discussing how information regarding plaintiff's criminal past might bear on credibility, and that the majority of court records sought should be of public record) (internal citations omitted).
[2] *Moss v. Blue Cross & Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 694 (D. Kan. 2007) (internal citations omitted).
[3] As described by plaintiff, the GFTP is the method used by defendant to review the termination of an employee.

3

organize, and label" the documents as required by Fed. R. Civ. P. 34(b)(2)(E)(i) so that defendant could ascertain what documents were being referenced.

Plaintiff contends that defendant has misled the court by referencing only her initial responses and failing to mention her supplemental responses. Plaintiff produced supplemental responses to Interrogatory No. 9 on December 18, 2013 and to both requests on January 14, 2014. In these responses, plaintiff identifies specific employees who may have changed their time cards but were not terminated. Plaintiff also identifies, by the title and bates-stamp identifiers assigned by defendant, those responsive documents which are in defendant's possession.

Rule 34 specifies the procedure for production of documents "unless otherwise stipulated or ordered by the court." Here, common sense must prevail. Plaintiff makes clear that defendant is already in possession of the requested information, and has even used defendant's own identifiers to specify the documents' locations. Defendant does not dispute this characterization, and therefore plaintiff's responses are accepted. Defendant's motion is DENIED as to Interrogatory No. 9 and Request for Production No. 22.

**Interrogatory No. 12**

Defendant asks plaintiff to "describe all the ways" in which she contends she was intimidated, retaliated against, mistreated, and/or harassed regarding her employment and to identify those persons who committed the acts. Plaintiff initially responded by referring defendant to documents provided during the GFTP process and "any other documents" later provided to defendant. Plaintiff also stated specifically that defendant

4

terminated her, berated her and told jokes at her expense, and that her managers interfered with her hours. Referring only to this initial response, defendant argues that plaintiff did not identify specific persons or responsive documents or attach the referenced documents as required by Fed. R. Civ. P. 33.

Plaintiff contends that she supplemented her initial answer prior to the filing of the motion to compel. That supplement refers to her response to Interrogatory No. 3, which is closely related to No. 12 in that it seeks identification of documents that support plaintiff's allegations of retaliation, intimidation and harassment. Given the similarity of the requests in Interrogatory Nos. 3 and 12, the court finds plaintiff's reference to Interrogatory No. 3 substantially justified.

Plaintiff named specific inappropriate actions by defendant in her initial response, but that response, standing alone, was insufficient because it referred generally to documents "previously provided." Plaintiff's supplemental answer to Interrogatory No. 3 identifies responsive documentation and directs defendant to its locations, using defendant's own identifiers. Plaintiff's initial responses, together with her later supplement, provide the necessary specifics to satisfy plaintiff's burden.[4] Defendant did not dispute plaintiff's supplemental responses, and the court finds plaintiff's responses are sufficient. Therefore, defendant's motion is DENIED as to Interrogatory No. 12.

---

[4] See *United States v. Sturdevant*, 2009 WL 5217359, at *5 (D. Kan. Dec. 30, 2009) (discussing *Epling v. UCB Films* and *Hilt v. SFC, Inc.,* where "the court required the party answering the interrogatory by reference to deposition testimony to provide the specific pages of the deposition testimony that were responsive to the interrogatory." In *Sturdevant*, the court granted the defendant's motion to compel, in part, because the plaintiff failed to provide the specific pages where defendant could locate its fully responsive answers.) (citing *Epling v. UCB Films*, 2001 WL 1249362 (D. Kan. Sept. 27, 2001), and *Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997)).

**Request for Production Nos. 1 and 2**

Defendant's requests seek all documents identified in plaintiff's responses to defendant's Second Set of Interrogatories, including but not limited to Interrogatory Nos. 3, 14, and 19 (Request No. 1) and all documents that support or evidence plaintiff's claim of retaliation (Request No. 2). To both requests, plaintiff initially responded in general terms that defendant already possesses all documents. Although that initial response was insufficient, plaintiff later supplemented her responses. Defendant asserts that plaintiff's responses are insufficient only because she failed to organize the responsive documents to correspond to the categories of request, and failed to identify the documents in a manner by which defendant could ascertain which documents are being referenced.

After review of plaintiff's supplemental responses, the court rejects defendant's arguments. Defendant's broad requests seek documents which support other discovery responses. Plaintiff directs defendant to those other responses, which identify responsive documentation and guide defendant to its locations using defendant's own bates-stamp identifiers.[5] The court finds plaintiff's supplemental responses are sufficient, and defendant's motion is DENIED as to Request for Production Nos. 1 and 2.

**Request for Production Nos. 16 and 17**

Defendant seeks all employment agreements entered into by plaintiff after she left defendant's employment (Request No. 16) and a copy of all employment applications for each job sought by plaintiff after her termination (Request No. 17). Both requests

---

[5] *See supra* note 8 and accompanying text.

included, but were not limited to, plaintiff's employment application and agreement with the United States Postal Service ("USPS"). Plaintiff's initial response to these requests was that she did not have responsive records in her possession but would supplement after her inquiry. Plaintiff contacted the USPS to obtain a copy of her entire personnel file and that was provided to defendant in supplemental responses to both requests.

Defendant's entire argument hinges on the assumption that neither plaintiff's employment application nor her employment agreement was contained in the personnel file. In her response, plaintiff attests, by affidavit, that she has produced the entire personnel file provided to her by her employer. Defendant does not dispute plaintiff's affidavit. Plaintiff cannot produce documents that are not in her possession or under her control. Therefore, the court finds that plaintiff's responses are sufficient, and defendant's motion is DENIED as to Request for Production Nos. 16 and 17.

IT IS THEREFORED ORDERED that defendant's motion to compel (**Doc. 92**) is **DENIED**, consistent with the rulings herein.

IT IS SO ORDERED.

Dated at Wichita, Kansas this 13th day of February 2014.

s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge